LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-06678 BRO (Ex)** | Date | September 4, 2014 |
|---|---|---|---|
| Title | **DANCO INC. V. BEN HARRISON TYLER ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER REMANDING ACTION

This is an unlawful detainer action. On July 7, 2014, Danco, Inc. filed its complaint in the Superior Court of California, County of Los Angeles, alleging a single cause of action for unlawful detainer under California Code of Civil Procedure section 1161a. (*See* Not. Removal Ex. A; Dkt. No. 1.) On August 26, 2014, Defendant Brooke Robbins removed the action to this Court, alleging jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Nevertheless, removal was improper.

Removal was improper because this is an unlawful detainer action, and consequently there is no federal jurisdiction over this matter. Indeed, rare is the case where removal would be proper and federal subject matter jurisdiction lie in a lawsuit involving this type of action.[1] A complaint for unlawful detainer is a very specific action.

---

[1] Perhaps if the property's rental value were extremely high, and the property's owner were a citizen of a different state, one might be able to establish federal subject matter jurisdiction based on 28 U.S.C. § 1332. Nevertheless, procedurally speaking, removal would yet likely be improper in an unlawful detainer action because it would almost always violate the forum defendant rule, which proscribes removal by a defendant who resides in the state where the action was brought. 28 U.S.C. § 1441(b)(2). This is almost always true in an unlawful detainer action involving a residential dwelling because a defendant is necessarily retaining possession of a residential dwelling, which likely means it is a citizen of the forum where the property is located. It is theoretically possible, however, for a defendant to avoid the forum defendant rule. This is true because "[t]he natural person's state citizenship is . . . determined by her state domicile, not her residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Therefore, a] person residing in a state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

Case 2:14-cv-06678-BRO-E Document 8 Filed 09/04/14 Page 2 of 5 Page ID #:44

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-06678 BRO (Ex)** | Date | September 4, 2014 |
|---|---|---|---|
| Title | **DANCO INC. V. BEN HARRISON TYLER ET AL.** | | |

*See* Cal. Civ. Proc. Code § 1161a. It exists to provide a landlord with a remedy of a speedy eviction. *Childs v. Eltinge*, 29 Cal. App. 3d 843, 853 (Cal. Ct. App. 1973) (affirming that "the very purpose of this statutory, summary procedure, [is] to afford an expeditious and adequate remedy for obtaining possession of premises wrongfully withheld by tenants"). Through unlawful detainer, the owner of real property wrongfully occupied by another may regain possession of that real property, and recover damages for unpaid rent. *See De La Vara v. Mun. Court*, 98 Cal. App. 3d 638, 640 (Cal. Ct. App. 1979). Because its purpose is to provide a speedy eviction remedy, the proceeding is intended to be summary. *See id.* ("In California, the remedy of unlawful detainer is a summary proceeding."); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (Cal. Ct. App. 1977). To this end, the procedural timeline in a case involving unlawful detainer is shortened significantly. *See, e.g.*, Cal. Civ. Proc. Code §§ 1167, 1167.3 (making defendant's response due in only five days). Additionally, the scope of the action is limited to the issue of unlawful detainer. *See Childs v. Eltinge*, 29 Cal. App. 3d 843, 852–563 (Cal. Ct. App. 1973). Indeed, "[a]s a general rule, in unlawful detainer proceedings, only claims bearing directly upon the right to possession are involved." *Old Nat'l Fin. Servs. Inc. v. Seibert*, 194 Cal. App. 3d 460, 465 (Cal. Ct. App. 1987). Therefore, a defendant generally may not challenge the plaintiff's title as a defense to the unlawful detainer action. *Id.*

Nevertheless, "a qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property." *Malkoskie v. Option One Mortg. Corp.*, 188 Cal. App. 4th 968, 973 (Cal. Ct. App. 2010) (internal quotation marks omitted). As provided by section 1161a(b)(3), one who acquired real property through a sale "in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust," may pursue an unlawful detainer only if "the title under the sale has been perfected." Cal. Civ. Proc. Code § 1161a(b)(3). Therefore, to prevail in a proceeding under this subsection, a plaintiff must show that it properly perfected its title.[2] *See id.*; *Malkoskie*, 188 Cal. App. 4th at 975. Yet it is only to this limited extent that title may be litigated;

---

[2] And, consequently, the unlawful detainer judgment will have preclusive effect as to whether title was perfected. *See Malkoskie*, 188 Cal. App. 4th at 975–76.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06678 BRO (Ex) | Date | September 4, 2014 |
|---|---|---|---|
| Title | DANCO INC. V. BEN HARRISON TYLER ET AL. | | |

"[m]atters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment." *Id.* (quoting *Cheney v. Trauzettel*, 9 Cal. 2d 158, 159 (Cal. 1937)). Accordingly, "the right to possession alon[e] [is] involved," not the broad question of title to the property. *Cheney*, 9 Cal. 2d at 159. As a consequence, "[i]n unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing L.P. v. Villegas*, No. C 10-05478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).

With the nature of an unlawful detainer action in mind, the Court will briefly consider the procedural mechanisms by which a defendant may remove a case to federal court, and determine whether Defendant has satisfied the jurisdictional requirements in attempting to remove this case.

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction"; "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-06678 BRO (Ex)** | Date | September 4, 2014 |
|---|---|---|---|
| Title | **DANCO INC. V. BEN HARRISON TYLER ET AL.** | | |

case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

The complaint in this action clearly does not arise under federal law. There is a single cause of action for unlawful detainer under California Code of Civil Procedure section 1161(a). (*See* Notice Removal Ex. A.) And Defendants do not suggest another federal statute upon which this action should properly be based. Upon reviewing the complaint, the Court finds it is not based on, nor does it even mention, any federal statute or other law. Accordingly, jurisdiction under 28 U.S.C. § 1331 does not lie.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states."[3]

Here, the amount in controversy does not exceed $75,000. Indeed, the complaint is very clear: Plaintiff seeks past due rent of $22,500 in overdue rent, $320 in the costs incurred in this proceeding, and damages at the rate of $250 a day from July 1, 2014 until Defendants surrender possession. (Not. Removal Ex. A, at 3.) At that rate, it would take 204 days from the time the complaint was originally filed in state court until judgment to reach the amount in controversy requirement for jurisdiction under § 1332. Accordingly,

---

[3] Diversity of citizenship may also be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06678 BRO (Ex) | Date | September 4, 2014 |
|---|---|---|---|
| Title | DANCO INC. V. BEN HARRISON TYLER ET AL. | | |

it is clear the amount in controversy is not satisfied here; jurisdiction pursuant to 28 U.S.C. § 1332 does not lie.

Moreover, the parties do not appear to be "citizens of different states." Defendants are by their own admission citizens of California. (Not. Removal ¶ 5.) Although Defendants claim that on information and belief that Plaintiff is "conducting business outside the state of California," this does not make Plaintiff a citizen of a different state. Defendants have thus also failed to demonstrate that diversity of citizenship is present.

Accordingly, Defendants have failed to meet their burden of demonstrating that removal of the state court action to this Court was proper. As such, the Court *sua sponte* **REMANDS** the action to the Superior Court of California, County of Los Angeles. Plaintiff's motion to remand, (Dkt. No. 7), is hereby **DENIED** as moot. **Additionally, the Court warns Defendants that any subsequent attempts to remove this underlying state unlawful detainer action will be improper and may result in the Court taking punitive remedial measures, which may include requiring Defendants to be monetarily sanctioned or designated as vexatious litigants**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | rf |